RICHARD WARE LEVITT*
rlevitt@landklaw.com

NICHOLAS G. KAIZER*
nkaizer@landklaw.com

EMILY GOLUB
  of counsel
emilygolublaw@gmail.com

\* ADMITTED IN N.Y., FLA., AND D.C.

LEVITT & KAIZER
ATTORNEYS AT LAW
40 FULTON STREET
23rd FLOOR
NEW YORK, NEW YORK 10038-5077

TELEPHONE
(212) 480-4000

FACSIMILE
(212) 480-4444

July 31, 2018

Via ECF

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York NY 10007

       Re: United States v. Anthony Fazio,
          11 Cr. 873 (KFB)

Dear Judge Forrest:

  I am writing to request that your Honor modify the terms of Anthony Fazio Jr.'s home confinement to remove the location monitoring device that he is presently wearing, which would permit him to train for and, hopefully, accept a job as a trucker, which will likely require interstate travel. I have spoken with Mr. Fazio's supervised release officer, Ryan Lehr, 347 534-3420, who told me that Mr. Fazio has been totally compliant with all the conditions of his supervision. PO Lehr, who does not object to this request, is available to answer any questions the Court may have.

  When the Court sentenced Anthony Fazio, Jr., on August 27, 2012, to a split sentence of 60 months in prison and 37 months home confinement, it said:

> And in terms of home confinement, the Court orders that Mr. Fazio be allowed to attend work and any school events relating to his child and/or parent teacher conferences. He, however, may not socialize outside of his home but can socialize with others within his home.

  Mr. Fazio commenced his period of home confinement on or about February 17, 2017. On March 27, 2017 your Honor modified the conditions of Mr. Fazio's home confinement to clarify that he could seek and attend employment and accompany his son to various school and non-school related activities (Doc 284).

  Mr. Fazio has now been on home confinement for some 16 months – nearly the half-way point – without incident. USPO Lehr has explained to me that removal of the monitoring device

LEVITT & KAIZER  
ATTORNEYS AT LAW

Hon. Katherine B. Forrest  
July 31 2018  
Page-2-

would lower his security level within his office and would facilitate his working regularly across state lines, which, I have been told, the monitoring device does not readily accommodate. Additionally, given Mr. Fazio's total compliance during his period of house arrest, location monitoring would appear no longer to be necessary.

Accordingly, I respectfully request that the Court modify the conditions of Mr. Fazio's supervised release to remove the monitoring device that he is presently wearing, pursuant to Rule 32.l(c) or 18 U.S.C § "3583(e)(2), which permits the sentencing court, after considering factors set forth in section 3553(a), to 'modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release.'" *United States v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997).

Thank you for considering this request.

Respectfully,

Richard Levitt

cc:   USAO SDNY (by ECF)  
      PO Ryan Lehr (by email).